## UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| KAIHER TECHNOLOGY CO., LIMITED d/b/a Kaiher-US, | |
| Plaintiff, | Case No.: |
| v. | |
| SCAN2CAD INC., | **DEMAND FOR A JURY TRIAL** |
| Defendant. | |

## COMPLAINT

Plaintiff KAIHER TECHNOLOGY CO., LIMITED d/b/a Kaiher-US ("Kaiher" or "Plaintiff") hereby files this Complaint for Declaratory Judgment of Non-infringement against Defendant SCAN2CAD INC. ("Defendant"). In support thereof, Plaintiff alleges as follows:

### NATURE OF THE ACTION

1.      This action arises under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the United States Patent Act, 35 U.S.C. § 1 et seq.

2.      Plaintiff seeks declaratory judgments that U.S. Design Patent No. D1,063,856 ("the '856 Patent"or "the Claimed Design") is not infringed by Plaintiff's product—a cable sold under the Hugener brand on Amazon under ASIN

1

B0DD32WPRH (the "Non-Infringing Cable"). A true and correct copy of the '856

Patent is attached hereto as Exhibit 1.

3.     Plaintiff brings this action in view of the actual controversy

created by Defendant under the '856 Patent. Defendant submitted a design patent

infringement complaint to Amazon against the Non-Infringing Cable, identified as

Complaint No. 17735329741, which resulted in the takedown of the product from

Amazon.com, thereby placing Plaintiff's business operations at imminent risk.

## PARTIES

4.     Plaintiff KAIHER TECHNOLOGY CO., LIMITED is a Hong

Kong limited company with its principal place of business at Room D5, 5th Floor,

King Yip Factory Building, No. 59 King Yip Street, Kwun Tong, Kowloon, Hong

Kong.

5.     Upon information and belief, Defendant SCAN2CAD INC. is a

corporation organized under the laws of the State of Florida, with its principal

place of business at 7901 4th Street North, Suite 300, St. Petersburg, Florida

33702.

## JURISDICTION AND VENUE

6.     The Court has subject matter jurisdiction over this action under

28 U.S.C. §§ 1331, 1338, 2201, and 2202 and because this action arises under the

laws of the United States, in particular the Patent Act of the United States, 35

U.S.C. § 100 et seq.

7.        The Court also has supplemental jurisdiction over this action under 28 U.S.C. § 1367(a).

8.        An actual case or controversy exists in this action. Specifically, Defendant filed a design patent infringement complaint with Amazon, alleging that Plaintiff's product, sold under ASIN B0DD32WPRH, infringes the '856 Patent. As a result of this complaint, Amazon removed Plaintiff's product from its platform, effectively terminating Plaintiff's ability to sell the accused product on the Amazon marketplace. The removal of the listing has caused substantial financial harm to Plaintiff and continues to disrupt its access to U.S. consumers. Unless this Court grants the declaratory relief sought herein, Amazon is likely to continue to delist or reject Plaintiff's future listings of the Non-Infringing Cable based on Defendant's allegations that Plaintiff's product infringes the '856 Patent. Defendant's conduct gives rise to an actual, ongoing controversy under 28 U.S.C. §§ 2201 et seq.

9.        This Court has personal jurisdiction over Defendant pursuant to 28 U.S.C. §§ 1391 and/or 1400 because, on information and belief, Defendant purposefully directed its enforcement activities toward Plaintiff's commercial operations in the United States, including this District. Specifically, Defendant submitted a design patent infringement complaint to Amazon, targeting Plaintiff's

product, the Non-Infringing Cable, which was actively offered for sale on Amazon.com and accessible to consumers in Illinois. As a direct result of that complaint, Amazon removed the product listing from its platform, substantially impairing Plaintiff's ability to reach customers in this District and causing foreseeable economic harm. Illinois is a significant market for the Non-Infringing Cable, and Defendant was or should have been aware that Amazon's enforcement actions would materially affect Plaintiff's business operations here. Under these circumstances, the exercise of personal jurisdiction over Defendant in connection with this declaratory judgment action is proper.

10.        Upon information and belief, Defendant actively engages in U.S. commerce by offering for sale and selling products through online platforms such as Amazon.com, including products purportedly covered by the '856 Patent. These products are made available to consumers nationwide, including in Illinois, where Plaintiff also conducts substantial business activity.

## FACTUAL BACKGROUND

**A.        The '856 Patent**

11.        The Defendant is the named assignee and applicant of the '856 Patent.

12.        The '856 Patent is entitled "Connector" and was filed on July 14, 2024. It issued on February 25, 2025.

13.     According to public records from the United States Patent and Trademark Office, the ʼ856 Patent is alleged to be a continuation-in-part of U.S. Design Patent No. D1,053,826 (the "ʼ826 Patent"), which was filed on June 22, 2024. The '826 Patent is in turn a continuation of U.S. Design Patent No. D1,035,585 (the "ʼ585 Patent"), which was filed on January 1, 2024. A true and correct copy of the ʼ826 Patent and the ʼ585 Patent are attached hereto as Exhibits 2 and 3, respectively.

14.     The ʼ585 Patent claims priority to Chinese design application No. 202330767642.4, filed on November 23, 2023.

15.     The publicly available prosecution history of the ʼ856 Patent confirms that the patent is not entitled to claim the benefit of any earlier filing date from its continuation-in-part parent application. In an Ex Parte Quayle Action dated November 1, 2024, the USPTO expressly stated: "The design disclosed in the parent application **is not the same design** as the design disclosed in this application. Therefore, this application does not satisfy the written description requirement of 35 U.S.C. 112(a) or pre-AIA 35 U.S.C. 112, first paragraph, under 35 U.S.C. 120 and is not entitled to benefit of the earlier filing date." Accordingly, the ʼ856 Patentʼs earliest possible filing date is July 14, 2024—the actual filing date of the application. *See* Exhibit 4.

16.     The design claimed in the ʼ856 Patent has been disclosed in

numerous prior arts.

17.       The connector design claimed in the '856 Patent bears a striking visual similarity — if not identity — to the connector component of a product known as the Starlink Gen 3 system ("the Starlink Gen 3 connector"), which is developed and publicly distributed by SpaceX, a widely known aerospace and satellite communications company.

18.       Moreover, the claimed designs in the continuation-in-part patents asserted by the applicant of the '856 Patent—namely, the '826 Patent and the '585 Patent—have likewise been publicly disclosed in the prior arts, specifically in the Starlink Gen 3 system.

19.       A side-by-side comparison of these claimed in the '856, '826, and '585 Patents and the publicly disclosed Starlink Gen 3 connector is set forth below.

| D1063856 (The Claimed Design) | Starlink Gen 3 Power Supply connector |
|---|---|
|  |  |



| D1053826 | Starlink Gen 3 Starlink Cable connector |
|---|---|
| D1035585 | Starlink Gen 3 Starlink Cable connector |

20.     Specifications for the Starlink Gen 3 connector were published on SpaceX's official website. *See* https://api.starlink.com/public-files/specification_sheet_standard.pdf (last accessed May 20, 2025.) A true and correct copy of the specification is attached hereto as Exhibit 5.

21.         Archived records from the Internet Archive's Wayback Machine confirm that these specifications were publicly accessible since at least November 17, 2023. [See https://web.archive.org/web/20231117191002/https://api.starlink.com/public-files/ specification_sheet_standard.pdf#expand (last accessed May 20, 2025).] A true and correct copy of the archived record is attached hereto as Exhibit 6. This record provides further evidence of the public availability and recognition of the Starlink Gen 3 connector design prior to the earliest possible filing dates of the '856, '826, and '585 Patents.

22.         Multiple YouTube videos publicly demonstrating and reviewing the Starlink Gen 3 system hardware, including close-ups of the connector design, were published as early as August 13, 2023. These videos provide further evidence of the public availability and recognition of the Starlink Gen 3 connector design prior to the earliest filling dates of the '856, '826, and '585 Patents. A list of relevant YouTube videos, including specific time markers identifying the relevant content, is attached hereto as Exhibit 7.

**B.         Defendant's Bad-Faith Enforcement and Refusal to Withdraw Its Baseless Complaint**

23.         Upon information and belief, on or about May 17, 2025, Defendant, through an authorized representative, filed a design patent infringement

complaint with Amazon against Plaintiff's product listed under ASIN B0DD32WPRH, alleging infringement of the '856 Patent. In connection with the complaint, Defendant identified itself as "SCAN2CAD INC." and provided the contact email address 595507929@qq.com. *See* Exhibit 8.

24.     Upon information and belief, Defendant knew or should have known at that time that the '856 Patent, along with its parent patents, is invalid due to prior public disclosure of an identical or strikingly similar design in the Starlink Gen 3 connector, which predates the earliest filling date of the '856, '826, and '585 Patents.

25.     Despite this knowledge, Defendant proceeded to enforce the '856 Patent by submitting baseless complaint to Amazon, which resulted in the wrongful removal of Plaintiff's product listings from the Amazon marketplace on or about May 20, 2025. *See* Exhibit 9.

26.     On May 24, 2025, after multiple unsuccessful attempts by Plaintiff to appeal the takedown through Amazon's internal procedures, Plaintiff's counsel proactively and urgently contacted Defendant to request a withdrawal of the complaint. However, Defendant has neither withdrawn the complaint nor responded to Plaintiff's request, despite Plaintiff's presentation of clear evidence demonstrating both the invalidity of the '856 Patent and the non-infringing nature of Plaintiff's product. *See* Exhibit 10.

27.     By persisting in this enforcement, Defendant has acted in bad faith, intending to disrupt Plaintiff's legitimate business operations and to leverage an invalid patent to gain an unfair competitive advantage.

28.     Upon information and belief, as a direct consequence of Defendant's bad-faith enforcement, Plaintiff has suffered substantial harm, including loss of sales revenue, damage to customer goodwill, and impairment of its business reputation. In addition, Plaintiff faces potential removal of its unsold FBA inventory due to Amazon's inventory management policies, as well as the loss of accumulated sales history, listing performance metrics, and platform-based selling privileges associated with the removed ASIN.

29.     Defendant's conduct constitutes an abuse of the patent enforcement process and unfair competition under applicable law.

## COUNT I

## DECLARATORY JUDGMENT OF PATENT INVALIDITY

30.     Plaintiff incorporates by reference the preceding paragraphs as if fully set forth herein.

31.     The '856 Patent is invalid for failing to comply with at least the conditions of patentability set forth in 35 U.S.C. § 102. Specifically, the '856 Patent is anticipated by prior art publicly available before its earliest possible priority date.

32.     The prior art includes, at minimum, the Starlink Gen 3 connector design, which was publicly disclosed no later than November 17, 2023, as evidenced by the product specifications published on the manufacturer's official website and archived by the Internet Archive's Wayback Machine.

33.     Additionally, multiple YouTube videos publicly demonstrating and reviewing the Starlink Gen 3 hardware, including close-ups of the connector design, were published as early as August 13, 2023, nearly one year before the filing date of the '856 Patent.

34.     As plainly shown below in a side-by-side comparison of the Starlink Gen 3 connector design and the claimed design of the '856 Patent, the Starlink Gen 3 connector design invalidates the '856 Patent because the Starlink Gen 3 connector was publicly disclosed prior to the earliest filing date of the '856 Patent.

| D1063856 | Starlink Gen 3 Power Supply connector |
|---|---|
| <br>FIG. 1<br>front view |  |



FIG. 2

rear view

FIG. 3

left side view

FIG. 4

right side view



FIG. 5

top view

FIG. 6

bottom view

FIG. 7

perspective view

35.        The claimed design of the '856 Patent is strikingly similar, if not identical, to the publicly disclosed Starlink Gen 3 connector, including the overall shape, contour, and ornamental features.

36.        Furthermore, the '856 Patent is invalid under 35 U.S.C. § 103 because the claimed design would have been obvious to a designer of ordinary skill in the art in view of the prior art. Any differences between the claimed design and the prior art are minor and do not create a distinct overall visual impression sufficient to warrant patentability.

37.        Pursuant to the Federal Declaratory Judgment Act, Plaintiff seeks a judicial declaration that the '856 Patent is invalid for failing to meet the condition of patentability set forth in 35 U.S.C. § 102, as it is anticipated by the prior art and therefore invalid.

## COUNT II
## DECLARATORY JUDGMENT OF NON-INFRINGEMENT

38.        Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

39.        Since the '856 Patent is invalid for failing to comply with at least the condition of patentability set forth in 35 U.S.C. § § 102 and 103, it is axiomatic that Plaintiff's products do not infringe the '856 Patent. *See Commil USA, LLC v. Cisco Sys., Inc.*, 575 U.S. 632 (2015) (stating that it is axiomatic that

one cannot infringe an invalid patent because there is nothing to infringe upon).

40.     Moreover, even assuming arguendo that the '856 Patent is valid and enforceable, Plaintiff's Non-Infringing Cable does not infringe the claimed design under the ordinary observer test

41.     Where, as here, the claimed design is close to the prior art, even minor differences between the accused product and the claimed design are likely to be significant to the ordinary observer. *See Lanard Toys Ltd. v. Dolgencorp LLC*, 958 F.3d 1337, 1344 (Fed. Cir. 2020).

42.     As shown in the comparison below, the Non-Infringing Cable, at a minimum, lacks the outwardly projecting step at the terminal end of the connector—a feature that is clearly present in the claimed design of the '856 Patent. This difference is sufficient to defeat any claim of infringement under the ordinary observer test.



43.     Accordingly, pursuant to 28 U.S.C. § 2201, Plaintiff seeks a judicial declaration that the '856 Patent is not infringed by the Non-Infringing Cable.

## COUNT III
## DECLARATION OF UNENFORCEABILITY

44.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

45.     Defendant's '856 Patent is unenforceable due to inequitable conduct during prosecution before the United States Patent and Trademark Office (USPTO).

46.     Defendant failed to disclose material prior art to the USPTO, including but not limited to the publicly disclosed Starlink Gen 3 connector, which renders the claimed design of the '856 Patent anticipated under 35 U.S.C. § 102. Such nondisclosure constitutes inequitable conduct that renders the '856 Patent unenforceable.

47.     The failure to disclose this material prior art was willful and intentional, with the intent to deceive the USPTO by withholding information that would have invalidated the '856 Patent.

48.     Furthermore, Defendant's actions in submitting a baseless

patent infringement complaint to Amazon, relying upon the '856 Patent, constitutes misuse of the patent process and demonstrates bad faith enforcement of an invalid patent.

49.     Plaintiff are entitled to a judicial declaration that the '856 Patent is unenforceable due to the Defendant's inequitable conduct during prosecution and their continued bad faith enforcement.

50.     In view of Defendant's unjustified complaint to Amazon and the harm it has caused to Plaintiff's business, including the wrongful removal of their product listings and the potential for future delistings, Plaintiff seek a declaration that the '856 Patent is unenforceable, as Defendant's conduct has caused irreparable and ongoing harm that cannot be fully remedied at law.

51.     Plaintiff has provided Defendant with clear notice of the patent's invalidity and the non-infringing nature of their product, and have specifically requested that Defendant withdraw the complaint. However, Defendant has refused to do so or failed to respond. Defendant's continued assertion of the '856 Patent, despite actual notice of its invalidity, has caused and continues to cause irreparable harm that cannot be fully remedied at law.

52.     Based on the foregoing, a justiciable controversy exists between Plaintiff and Defendant regarding the enforceability of the '856 Patent.

53.     For the reasons discussed herein, Plaintiff are entitled to a

declaratory judgment that the '856 Patent is unenforceable due to Defendant's inequitable conduct and bad faith enforcement practices.

## COUNT IV

## TORTIOUS INTERFERENCE WITH CONTRACT

54.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

55.     Plaintiff and Amazon have a valid and enforceable contractual relationship via the Amazon Services Business Solutions Agreement, pursuant to which Plaintiff was permitted to sell goods on the Amazon marketplace in exchange for fees.

56.     Defendant was aware of Plaintiff's contractual agreement with Amazon, as Defendant knew Plaintiff offered its products on the Amazon storefront under the seller name associated with Plaintiff.

57.     Defendant intentionally and unjustifiably induced Amazon to breach its agreement with Plaintiff by filing bad faith Amazon Infringement Complaints, despite knowing that the '856 Patent is invalid.

58.     As a direct result, Amazon breached its agreement with Plaintiff by removing Plaintiff's products from the Amazon marketplace.

59.     Defendant's conduct has caused economic and financial harm to Plaintiff.

## COUNT V

## TORTIOUS INTERFERENCE WITH PROSPECTIVE BUSINESS EXPECTANCY

60.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

61.     Plaintiff had a reasonable expectation of entering into valid business relationships with Amazon and with the consuming public via its online marketplace platform.

62.     Defendant was fully aware of Plaintiff's expectation, as Defendant knew Plaintiff sold its products on the Amazon platform, as demonstrated by Defendant's objectively false Amazon Infringement Complaints.

63.     Defendant purposefully interfered with Plaintiff's prospective business relationships by filing bad faith Amazon Infringement Complaints, despite knowledge of the invalidity of the '856 Patent.

64.     As a direct consequence of Defendant's false Amazon Infringement Complaints, Amazon removed Plaintiff's products from the Amazon marketplace, causing economic and financial harm to Plaintiff.

## DEMAND FOR JURY TRIAL

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, respectfully requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray for the following relief:

a.        A declaration that the ʼ856 Patent is invalid;

b.        A declaration that Plaintiffʼs products do not infringe the ʼ856 Patent;

c.        A declaration that the ʼ856 Patent is unenforceable;

d.        A judgment that Defendant has tortiously interfered with Plaintiffʼs contractual relations;

e.        A judgment that Defendant has tortiously interfered with Plaintiffʼs prospective business relationships;

f.        Ordering that Defendant shall immediately withdraw or revoke any complaints submitted to Amazon alleging infringement of the ʼ856 Patent with respect to Plaintiffʼs Non-Infringing Cable;

g.        Granting preliminary and permanent injunctive relief enjoining Defendant, its officers, agents, employees, affiliates, and all persons acting in concert with them from asserting or threatening to assert the ʼ856 Patent against Plaintiff, including but not limited to any further notices or correspondence directed to Amazon or any third-party platform;

h.     Awarding Plaintiff damages or restitution sufficient to compensate for lost sales and revenue resulting from the delisting of its Non-Infringing Cable on Amazon, in an amount to be determined at trial;

i.     Awarding Plaintiff damages for losses arising from stranded inventory, storage fees, and inventory removal expenses caused by Amazon's delisting of the Non-Infringing Cable, in an amount to be determined at trial;

j.     Awarding Plaintiff damages for harm to goodwill, reputation, customer reviews, star ratings, and Amazon marketplace rankings associated with the delisted ASIN, in an amount to be determined at trial;

k.     Ordering Defendant to file with the Court, and serve on Plaintiff's counsel, within fourteen (14) days of the entry of such order, a written report under oath confirming compliance with any injunctive relief granted by this Court;

l.     Awarding Plaintiff enhanced damages based on Defendant's willful misconduct and the exceptional nature of this case, including double or treble damages pursuant to applicable law;

m.     Awarding Plaintiff compensatory, general and special, consequential, and incidental damages in an amount to be determined at trial;

n.     Awarding Plaintiff exemplary, punitive, statutory, and enhanced damages where appropriate under applicable law;

o.       Awarding Plaintiff pre-judgment and post-judgment interest as permitted by law;

p.       A declaration that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorneys' fees incurred in this action pursuant to 35 U.S.C. § 285; and

q.       Such other and further relief as the Court may deem just and proper.

DATED:    May 26, 2025          SHM LAW FIRM

By: */s/ Hongchang DENG*
Hongchang Deng
Deng.hongchang@shm.law
SHM LAW FIRM
25F, China Resources Tower
2666 Keyuan South Road, Nanshan
Shenzhen, 518052, China
M: +8618681567690

Yi Yi
Yi.yi@shm.law
SHM LAW FIRM
3000 El Camino Real
Building 4, Suite 200
Palo Alto, CA 94306
Telephone: +8615220051240

*Attorneys for Plaintiff*
*KAIHER TECHNOLOGY CO., LIMITED*
*d/b/a Kaiher-US*