UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Kaiher Technology Co., Limited d/b/a Kaiher-US, | ) | |
| | ) | Case No. 1-25-cv-05846 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SCAN2CAD INC. | ) | |
| | ) | JURY TRIAL DEMANDED |
| | ) | |
| Defendant. | ) | |

## PLAINTIFF'S MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(e) AND 735 ILCS 5/2-203.1

Plaintiff Kaiher Technology Co., Limited ("Kaiher" or "Plaintiff") respectfully moves this Court for an order granting leave to serve Defendant by e-mail (595507929@qq.com) pursuant to Federal Rule of Civil Procedure 4(e) and 735 ILCS 5/2-203.1.

A memorandum of law in support is submitted concurrently with this Motion.

DATED:   June 04, 2025            **SHM LAW FIRM**

                                  By:    */s/ Hongchang Deng*

Hongchang Deng
Deng.hongchang@shm.law
Yi Yi
yi.yi@shm.law
SHM LAW FIRM
25F, China Resources Tower
2666 Keyuan South Road, Nanshan
Shenzhen, 518052, China
M: +8618681567690

*Attorneys for Plaintiff*
*Kaiher Technology Co., Limited d/b/a Kaiher-US*

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kaiher Technology Co., Limited d/b/a Kaiher-US, | ) ) ) |
| Plaintiff, | ) Case No. 1-25-cv-05846 ) ) |
| v. | ) ) |
| SCAN2CAD INC. | ) ) JURY TRIAL DEMANDED ) |
| Defendants | ) |

**MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION FOR ELECTRONIC SERVICE OF PROCESS PURSUANT TO FED. R. CIV. P. 4(e) AND 735 ILCS 5/2-203.1**

Plaintiff Kaiher Technology Co., Limited ("Plaintiff") respectfully seeks entry of an order granting leave to serve Defendant SCAN2CAD INC. via email pursuant to Federal Rule of Civil Procedure 4(e) and 735 ILCS 5/2-203.1. In support of this request, Plaintiff states as follows:

I. INTRODUCTION

Plaintiff brings this action against SCAN2CAD INC. for a declaratory judgment of patent non-infringement, invalidity, and unenforceability, as well as for tortious interference. Plaintiff respectfully submits that service via email is reasonably calculated under the circumstances to notify Defendant of this action and provide an opportunity to respond.

II. LEGAL STANDARD

Federal Rule of Civil Procedure 4(e)(1) permits service on an individual within a United States judicial district by "following state law for serving a summons in an action brought in

1

courts of general jurisdiction in the state where the district court is located or where service is made."

Under Illinois law, 735 ILCS 5/2-203.1 authorizes a court to order alternative service "by special order of court" when service under 735 ILCS 5/2-203(a)(1) or (2)—i.e., by personal delivery or abode service—has been impracticable. To obtain such an order, the movant must submit a motion supported by a sworn statement showing that a diligent inquiry was made as to the defendant's location, and that reasonable efforts to effect service by conventional means have failed. Where this showing is made, courts may authorize alternative methods of service consistent with due process. *See Fifth Third Bank v. Malone*, 2010 U.S. Dist. LEXIS 4352 (N.D. Ill. Jan. 20, 2010) (citing *In re Marriage of Schmitt*, 321 Ill. App. 3d 360 (2d Dist. 2001)).

Federal and Illinois courts have approved service by email where the plaintiff demonstrates that the email address is clearly linked to the defendant, is used for business communications, and constitutes the most reliable means of providing notice. See *International Star Registry of Illinois, Ltd. v. Cheung,* No. 1:08-cv-1378 (N.D. Ill. May 13, 2008) (authorizing service via several of the defendant's email addresses under Rule 4(e)(1) and 735 ILCS 5/2-203.1); see also *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002) (approving email service where the defendant had no physical address and listed email as its preferred contact method).

A similar order issued by this Court authorizing email service under similar circumstances is attached hereto as Exhibit 8.

III. FACTUAL BACKGROUND

Prior to initiating service, Plaintiff's counsel conducted a diligent inquiry into Defendant's location by cross-referencing the address disclosed in the USPTO patent application

with the principal and registered agent address listed in the Florida corporate registry. See DECLARATION OF HONGCHANG DENG at ¶¶ 2-3.

Plaintiff's counsel attempted to serve Defendant at the Florida address listed in both the Application Data Sheet submitted to the USPTO for U.S. Design Patent No. D1,063,856 (the "'856 Patent" or "the Claimed Design") and the Florida Department of State, Division of Corporations' registration records: **7901 4th Street North, Suite 300, St. Petersburg, FL 33702**. See Exhibit 1; Exhibit 2. Relying on these official records, Plaintiff engaged a professional process server to deliver the summons, complaint and the TRO motion to the identified location. See Exhibit 3. On May 30, 2025, the process server visited the location and spoke with an individual who stated they were authorized to accept service. However, that individual stated that SCAN2CAD INC. was unknown to them. As a result, service was not completed. *Id.* at ¶ 4.

Plaintiff's representative, Ms. Cassie Chen, communicated via WeChat with Mr. Yu, who identified himself as a representative of Shenzhen Musk Industrial Co., Ltd., which is affiliated with Defendant and is responsible for product lines in the same category as the accused product. During that conversation, Mr. Yu confirmed that he or his company submitted the Amazon infringement complaint at issue and refused to withdraw it. According to the WeChat chat interface, Mr. Yu is physically located in **Shenzhen, China.** See Exhibit 4. See also Declaration of Cassie Chen.

Furthermore, Plaintiff reviewed the Bibliographic Data Sheet filed with the USPTO in connection with the Claimed Design patent. That document lists Defendant's address as located **in Shanghai, China**, contradicting the Florida address. See Exhibit 5.

Plaintiff has also obtained a copy of Defendant's Amazon intellectual property complaint notice, which identifies **595507929@qq.com** as the sole contact information associated with the

3

notice. See Exhibit 6. On May 24, 2025, Plaintiff sent an email to that address entitled "Request for Immediate Withdrawal of Amazon Complaint No. 17735329741 Concerning ASIN B0DD32WPRH," providing notice of this potential dispute and formally requesting that Defendant withdraw the complaint. See Exhibit 7. The email was successfully delivered without triggering any bounce-back or delivery failure notification, but no response was ever received from Defendant. *Id.* at ¶ 8.

IV. ARGUMENT

A. **Electronic Service of Process is Proper Under Federal Rule of Civil Procedure 4(e) and 735 ILCS 5/2-203.1**

As previously noted, Federal Rule of Civil Procedure 4(e)(1) permits service by following the law of the state where the district court sits. Illinois law, under 735 ILCS 5/2-203.1, authorizes a court to permit alternative service by special order when personal or abode service is impracticable. To obtain such relief, a plaintiff must submit a sworn declaration demonstrating diligent efforts to locate the defendant and unsuccessful attempt at traditional service. Courts routinely approve alternative methods—such as email—when reasonably calculated to provide notice and satisfy due process. *See Fifth Third Bank v. Malone*, 2010 U.S. Dist. LEXIS 4352 (N.D. Ill. 2010). Email service is consistently upheld where the address is clearly linked to the defendant and used for business purposes. *See Int'l Star Registry of Illinois, Ltd. v. Cheung*, No. 1:08-cv-1378 (N.D. Ill. 2008); *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002). A comparable order issued by this Court under similar circumstances is attached as Exhibit 8.

In the present case, despite Plaintiff's diligent efforts, Defendant's true physical address remain uncertain, rendering traditional service under Rule 4(e)(2) and 735 ILCS 5/2-203(a)(1)–

4

(2) impracticable. See *Id.* at ¶¶ 2–6. Plaintiff has attempted service at the Florida address listed in both the USPTO Application Data Sheet and the Florida corporate registry. On May 30, 2025, the process server visited the Florida address and spoke with an individual who stated they were authorized to accept service. However, that individual stated that SCAN2CAD INC. was unknown to them. As a result, service was not completed. *Id.* at ¶ 4. See also Exhibit 3.

Further investigation revealed that Defendant listed a Shanghai, China address as its applicant address in connection with the '856 Patent. See Exhibit 5; *Id.* at ¶ 6. Moreover, during communications with Mr. Yu, who identified himself as a representative of Shenzhen Musk Industrial Co., Ltd., a company believed to be affiliated with Defendant and responsible for product lines in the same category as the accused product, Plaintiff's representative learned that Mr. Yu is actually based in Shenzhen, China. See Exhibit 4; *Id.* at ¶ 5. These inconsistencies raise serious questions regarding Defendant's true location. When considered together with Plaintiff's unsuccessful attempt to serve Defendant at the Florida address, see *id.* at ¶ 4; Exhibit 3, these facts support a reasonable belief that the Florida address is not genuine and that service at that location is impracticable.

Under these circumstances, where the physical addresses of Defendant are either unverifiable or misleading, and where Defendant identified the email address 595507929@qq.com as its only point of contact in the Amazon intellectual property complaint submitted against Plaintiff (see Exhibit 6), service by email is not only reasonably calculated to provide actual notice, but also represents the only practical and reliable method available. See *Rio Props., Inc. v. Rio Int'l Interlink*, 284 F.3d 1007, 1018 (9th Cir. 2002); In re *Marriage of Schmitt,* 747 N.E.2d at 524. Accordingly, service by email is proper under Federal Rule of Civil Procedure 4(e) and 735 ILCS 5/2-203.1.

B. **Email Service Complies with Constitutional Due Process**

Service by email in this case satisfies the constitutional requirements of due process because it is a method reasonably tailored to provide Defendant with actual notice of this proceeding and an opportunity to respond. Courts have consistently upheld email service when traditional methods are ineffective and the defendant maintains an active digital presence. See *Rio Props. v. Rio Intern. Interlink*, 284 F. 3d 1007, 1014 (9th Cir. 2002) (holding "without hesitation," that e-mail service of an online business defendant "was constitutionally acceptable."). Similarly, courts in this district have approved email service when the defendant conducts business electronically and uses email to contact. See Exhibit 8.

Here, Defendant provided the email address 595507929@qq.com as the exclusive contact in its Amazon intellectual property complaint against Plaintiff. See Exhibit 6. Plaintiff contacted Defendant through that address, and the email did not generate any error or bounce-back notification.

Under these circumstances, where Defendant's physical address cannot be reliably confirmed and electronic communication is evidently used in the ordinary course of business, email service is both reasonable and appropriate. Courts have held that using an email address disclosed by a defendant or actively used in commercial activities is sufficient to meet due process standards. Courts have also recognized that service to an email address listed by a defendant on its website can satisfy due process requirements. As the court explained in *Sulzer Mixpac AG v. Medenstar Industrial Co.*, 312 F.R.D. 329, 332 (S.D.N.Y. 2015), "[w]hile email communications may also go astray or fail to come to the relevant individuals' attention, the Court finds that in this case, service to the email address listed on defendant's website is 'reasonably calculated, under all circumstances, to apprise interested parties of the pendency of

the action and afford them an opportunity to present their objections.'"

Accordingly, service by email in this case is proper under Federal Rule of Civil Procedure 4(e) and 735 ILCS 5/2-203.1.

## V. CONCLUSION

Plaintiff respectfully requests that the Court authorize service of process on Defendant via email to 595507929@qq.com, pursuant to Federal Rule of Civil Procedure 4(e) and 735 ILCS 5/2-203.1.

DATED: June 4, 2025　　　　　　　　Respectfully submitted,

                                        **SHM LAW FIRM**
By:　　*/s/ Hongchang Deng*
　　　　Hongchang Deng
　　　　Deng.hongchang@shm.law
　　　　Yi Yi
　　　　yi.yi@shm.law
　　　　SHM LAW FIRM
　　　　25F, China Resources Tower
　　　　2666 Keyuan South Road, Nanshan
　　　　Shenzhen, 518052, China
　　　　M: +8618681567690

　　　　*Attorneys for Plaintiff*
　　　　KAIHER TECHNOLOGY CO., LIMITED d/b/a
　　　　Kaiher-US