Exhibit 4 - 2

UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| Kaiher Technology Co., Limited d/b/a Kaiher-US,<br><br>Plaintiff,<br><br>v.<br><br>SCAN2CAD INC.,<br><br>Defendant. | Case No.: 1-25-cv-05846<br><br>**DEMAND FOR A JURY TRIAL** |

### DECLARATION OF CASSIE CHEN

I, **Cassie Chen**, declare and state as follows:

1. I am over the age of eighteen and have personal knowledge of the facts set forth in this Declaration. I am competent to testify as to all matters stated, and I am not under any legal disability that would preclude me from testifying.

2. I am the Product Manager of Kaiher Technology Co., Limited, a Hong Kong-based company that operates the Kaiher-US storefront on Amazon, selling a variety of electronic accessories, including the product at issue in this case.

3. The product at issue is sold exclusively on Amazon under our Kaiher-US storefront and has accounted for approximately 46% of total sales

revenue and 45.27% of total sales volume. This product is not sold on any other platform in the United States.

4. The accused product was first listed on Amazon on August 14, 2024. We have consistently maintained a strong seller performance history on Amazon, with a 98.64% positive feedback.

5. On May 17, 2025, we received an Amazon Infringement Complaint from SCAN2CAD INC., alleging that our product infringes U.S. Design Patent No. D1,063,856 (the '856 Patent), owned by SCAN2CAD INC.. This complaint resulted in our listing being removed from Amazon, halting sales and causing significant harm to our business.

6. The '856 Patent is a design patent filed by SCAN2CAD INC., and the infringement complaint was submitted via the email address 595507929@qq.com. This email address is associated with Tencent's servers, which are commonly used by individuals and entities in China.

7. On May 20, 2025, Plaintiff's product listing was removed by Amazon due to Defendant's wrongful design patent infringement complaint. As a result, pursuant to Amazon's notice and Section F-7 of the FBA Service Terms, Plaintiff's inventory is now at risk of being disposed of, including potential destruction or other remedial actions, if the listing is not reinstated by July 20, 2025. See https://sellercentral.amazon.com/help/hub/reference/external/G1791.

8. This removal has led to a complete halt of sales for the affected product, and we have lost all access to customers for this product. The removal of this product from Amazon has disrupted our search ranking, visibility, and traffic, which has had an immediate and negative impact on our business. This delisting has caused irreparable harm to the our brand reputation and goodwill built over time.

9. The removal of this listing, and the potential destruction of inventory, will irreparably harm our business, as it would require us to relaunch the product under a new ASIN, incurring unrecoverable costs such as advertising, listing optimization, and appeal-related expenses.

10. We have appealed the delisting through Amazon's internal procedures, but these efforts have been unsuccessful, and our product remains delisted.

11. Defendant's conduct in filing a baseless infringement complaint has caused irreparable harm in the form of loss of market share, loss of customers, and loss of access to potential customers.

12. If the delisting is not reversed, we will face a permanent loss of goodwill, as the product's Amazon rankings continue to drop. In Amazon's competitive ecosystem, product rankings are driven by sustained sales velocity, customer engagement, and historical performance—factors that deteriorate rapidly

after a takedown. These rankings represent a time-built, cumulative advantage that cannot be readily restored through advertising or financial investment alone. Once momentum is lost, recovery becomes disproportionately difficult, as time—unlike capital—cannot be accelerated or retroactively applied. Customers are extremely difficult to win back once lost, and the delay in restoring the ASIN would result in further sales loss.

13. We also face the removal and/or destruction of our delisted inventory, which will worsen our already negative financial outlook and make it difficult to recover from these damages.

14. On May 18, 2025, I communicated with Mr. Yu of Shenzhen Musk Industrial Co., Ltd., whom I understand to be affiliated with Defendant and responsible for projects in the same product category as the accused product in this case. During our communication regarding the infringement complaint, Mr. Yu confirmed that they had filed the complaint and refused to withdraw it despite my request.

15. We have done everything within our power to quickly resolve this imminent and urgent problem. Our ASINs were first reported on or around May 17, 2025, and we immediately filed internal Amazon appeals multiple times since May 20, 2025.

16.     Our company will suffer immediate and irreparable injury, loss, and damage if an ex parte Temporary Restraining Order is not issued.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on May 28, 2025, in Changsha, China.

*Cassie Chen*
**Cassie Chen**