IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| KAIHER TECNOLOGY CO., LIMITED d/b/a Kaiher-US, | |
| Plaintiff, | Case No. 25-cv-05846 |
| v. | Judge Mary M. Rowland |
| SCAN2CAD INC., | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Kaiher Technology Co., Limited brings suit seeking a declaratory judgment regarding a competitor's patent and also alleges tortious interference claims. Defendant SCAN2CAD Inc. moves to dismiss for lack of personal jurisdiction and/or improper venue. For the reasons stated herein, Defendant's Motion to Dismiss [17] is granted.

**I.   Background**

The following factual allegations taken from the operative complaint [1] are accepted as true for the purposes of the motion to dismiss. *See Lax v. Mayorkas*, 20 F.4th 1178, 1181 (7th Cir. 2021).

Plaintiff Kaiher Technology Co., Limited ("Plaintiff" or "Kaiher") is a Hong Kong limited company with its principal place of business in Hong Kong. [1] at ¶ 4. Defendant SCAN2CAD INC. ("Defendant" or "SCAN2CAD") is a Florida corporation with its principal place of business in St. Petersburg, Florida. *Id.* at ¶ 5. Kaiher sells an electronics cable on Amazon. *Id.* at ¶¶ 2, 8. SCAN2CAD also sells an electronics

1

cable on Amazon. *Id.* at ¶ 10. SCAN2CAD owns a patent, U.S. Design Patent No. D1,063,856 ("the '856 Patent") for its electronics cable product. *Id.* at ¶ 11. SCAN2CAD filed a design patent infringement complaint with Amazon against Kaiher's product. *Id.* at ¶ 23. Amazon subsequently removed Kaiher's product listings from the Amazon marketplace. *Id.* at ¶ 25.

Kaiher alleges that the '856 Patent is invalid due to prior public disclosure of an identical or similar design. [1] at ¶ 24. Kaiher alleges that SCAN2CAD knew or should have known that the '856 Patent is invalid but still submitted baseless complaints to Amazon to enforce its patent. *Id.* at ¶ 25. Due to SCAN2CAD's bad-faith enforcement of the '856 Patent, Kaiher has suffered harm including loss of sales revenue, damage to customer goodwill, and impairment of its business reputation. *Id.* at ¶ 28. Kaiher alleges that SCAN2CAD purposefully directed its enforcement activities toward Kaiher's commercial operations in the United States, including in this District. *Id.* at ¶ 9. Kaiher alleges that its product was actively offered for sale on Amazon.com and accessible to consumers in Illinois. *Id.*

Kaiher brings this lawsuit seeking a declaratory judgment that the '856 Patent is invalid (Count I), that Kaiher's product does not infringe the '856 Patent (Count II), and that the '856 Patent is unenforceable (Count III). *Id.* at ¶¶ 30-53. Kaiher also brings claims of tortious interference with contract (Count IV) and tortious interference with prospective business expectancy (Count V). *Id.* at ¶¶ 54-64. SCAN2CAD moves to dismiss for lack of personal jurisdiction and/or for improper venue. [23]

2

**II. Standard**

Under Rule 12(b)(2), a court may dismiss a claim for lack of personal jurisdiction over the defendant. Fed. R. Civ. P. 12(b)(2). The plaintiff need not allege facts concerning personal jurisdiction in his or her complaint, but "once the defendant moves to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction, the plaintiff bears the burden of demonstrating the existence of jurisdiction." *Curry v. Revolution Labs., LLC*, 949 F.3d 385, 392 (7th Cir. 2020) (quoting *Purdue Research Found. v. Sanofi-Synthelabo, S.A.*, 338 F.3d 773, 782 (7th Cir. 2003)).

When a court rules on a Rule 12(b)(2) motion based upon written submissions without holding an evidentiary hearing, the plaintiff need only establish a prima facie case of personal jurisdiction. *Curry, LLC*, 949 F.3d at 392–93; *GCIU-Employer Ret. Fund v. Goldfarb Corp.*, 565 F.3d 1018, 1023 (7th Cir. 2009). Where, as here, a defendant submits an affidavit regarding personal jurisdiction, this Court accepts as true any facts in the affidavit that do not conflict with the complaint or the plaintiff's submissions. *Curry*, 949 F.3d at 393. Further, where a defendant challenges by declaration a fact alleged in the plaintiff's complaint, the plaintiff must go beyond the pleadings and submit affirmative evidence supporting the exercise of jurisdiction. *Purdue Research Foundation*, 338 F.3d at 783. If the plaintiff "fails to refute a fact contained in the defendant's affidavit, that fact is accepted as true." *Mold-A-Rama Inc. v. Collector-Concierge-Int'l*, No. 18-CV-08261, 2020 WL 1530749, at *2 (N.D. Ill. Mar. 31, 2020); *United Airlines, Inc. v. Zaman*, 152 F. Supp. 3d 1041, 1045 (N.D. Ill.

2015).

Rule 12(b)(3) provides that a party may move to dismiss based on improper venue. Fed. R. Civ. P. 12(b)(3). "In ruling on a motion to dismiss for improper venue, the Court follows the same standard as for a Rule 12(b)(2) dismissal." *Wendt v. Handler, Thayer & Duggan, LLC*, 613 F. Supp. 2d 1021, 1027 (N.D. Ill. 2009). The plaintiff bears the burden of proving that venue is proper. *Id.* The Court may examine facts outside the complaint, takes all the allegations in the complaint as true, and draws all reasonable inferences in favor of plaintiff. *Id.*

### III. Analysis

#### A. Personal Jurisdiction

The Court first considers whether it may exercise personal jurisdiction over SCAN2CAD. Kaiher argues that the Court may properly exercise specific personal jurisdiction over SCAN2CAD under Illinois' long-arm statute based on SCAN2CAD's contacts with Illinois. [22] at 4. Kaiher alternatively argues that the Court may exercise personal jurisdiction pursuant to Federal Rule of Civil Procedure 4(k)(2). *Id.* at 13.

##### i. Illinois Long Arm Statute

"In a case involving federal question jurisdiction, 'a federal court has personal jurisdiction over the defendant if either federal law or the law of the state in which the court sits authorizes service of process to that defendant.'" *NBA Properties, Inc. v. HANWJH*, 46 F.4th 614, 620 (7th Cir. 2022) (quoting *Curry v. Revolution Laboratories, LLC*, 949 F.3d 385, 393 (7th Cir. 2020)). "[T]he presence of a claim

4

under the Declaratory Judgment Act, 28 U.S.C. § 2201, does not supply a basis for acquiring personal jurisdiction." *Tamburo v. Dworkin*, 601 F.3d 693, 701 n.6 (7th Cir. 2010). The Court therefore looks to the Illinois long-arm statute to determine whether SCAN2CAD is subject to personal jurisdiction in Illinois.

The Illinois long-arm statute allows for the exercise of jurisdiction to the full extent permitted by the Fourteenth Amendment's Due Process Clause. 735 ILCS 5/2-209(c). "Specific personal jurisdiction is appropriate where (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in that state, and (2) the alleged injury arises out of the defendant's forum-related activities." *Tamburo*, 601 F.3d at 702 (citing *Burger King Corp. v. Rudzewicz,* 471 U.S. 462, 472 (1985)). The defendant's contacts with Illinois "must directly relate to the challenged conduct or transaction; we therefore evaluate specific personal jurisdiction by reference to the particular conduct underlying the claims made in the lawsuit." *Id.*

Courts in this district have found that specific personal jurisdiction is lacking under Illinois' long-arm statute in factually similar cases involving e-commerce competitors and plaintiffs seeking declaratory judgments of non-infringement. *See Shenzhen Wanfan Tech. Co. Ltd. v. Orbital Structures Pty Ltd.*, No. 23-CV-02330, 2024 WL 325339, at *4 (N.D. Ill. Jan. 29, 2024); *Shenzhen Zhifu Network Tech. Co., Ltd. v. Core Home Fitness, L.L.C.*, No. 24 CV 11277, 2025 WL 405080, at *3 (N.D. Ill. Feb. 5, 2025).

In *Orbital Structures,* a Chinese company plaintiff sued an Australian company defendant seeking a declaratory judgment of non-infringement. *Orbital Structures*, 2024 WL 325339, at *1. The defendant filed trademark and copyright enforcement complaints to Amazon which resulted in Amazon removing the plaintiff's product listings from Amazon. *Id.* The court rejected the plaintiff's argument that "personal jurisdiction is properly exercised under Illinois's long-arm statute based on [defendant]'s interference with [plaintiff]'s Illinois customer base." *Id.* at *3. The court explained that a defendant "cannot be haled into an Illinois court based solely on the fact that [plaintiff] makes sales in the state." *Id.* The court therefore declined to exercise specific personal jurisdiction over the defendant under the Illinois long-arm statute. *Id.* at *4.

In *Core Home Fitness*, a Chinese company plaintiff sued a defendant incorporated in Nevada with a principal place of business in Ohio. *Core Home Fitness*, 2025 WL 405080, at *1-2. The defendant filed patent infringement notices with various online retailers which caused some retailers to remove the plaintiff's products. *Id.* at *1. The plaintiff sued the defendant for a declaratory judgment of non-infringement. *Id.* The court found that the relevant conduct at issue in the lawsuit was "whether the [disputed] patent is valid, whether *Plaintiffs* (not Defendant) infringed that patent, and whether Defendant's reporting of potential infringement to various online marketplaces was fraudulent." *Id.* at *2 (emphasis in original). Although the defendant offered its products for sale in Illinois, the court found that the litigation was not related to the defendant's sales in Illinois and "no

part of the cause of action was alleged to have been committed in Illinois." *Id.* at *3. The court therefore declined to exercise personal jurisdiction. *Id.*

Kaiher argues that SCAN2CAD purposefully directed activities at Illinois by submitting its patent infringement claim to Amazon while being aware that both Kaiher and SCAN2CAD sell their products to customers in Illinois. [19] at 4-6. But SCAN2CAD cannot be haled into court in Illinois based on the fact that Kaiher makes sales in Illinois. *See Orbital Structures*, 2024 WL 325339, at *3. And whether SCAN2CAD makes sales in Illinois is also unrelated to Kaiher's cause of action. *See Core Home Fitness*, 2025 WL 405080, at *3. The relevant conduct at issue in this lawsuit is whether the '856 Patent is valid, whether Kaiher infringed on the '856 Patent, and whether SCAN2CAD's submission of the patent infringement claim to Amazon was improper. SCAN2CAD's contacts with Illinois, if any, do not directly relate to the conduct Kaiher is challenging. *See Tamburo*, 601 F.3d at 702. SCAN2CAD's conduct at issue took place in either Florida, where SCAN2CAD is located, or Washington state, where Amazon is presumably located.

The Court therefore finds that it cannot exercise personal jurisdiction over SCAN2CAD pursuant to Illinois' long-arm statute.

### ii. Rule 4(k)(2)

Kaiher alternatively argues that the Court may exercise jurisdiction over SCAN2CAD pursuant to Federal Rule of Civil Procedure 4(k)(2). [22] at 13. Rule 4 provides:

> For a claim that arises under federal law, serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant if:

7

> **(A)** the defendant is not subject to jurisdiction in any state's courts of general jurisdiction; and
> **(B)** exercising jurisdiction is consistent with the United States Constitution and laws.

Fed. R. Civ. P. 4(k)(2). "Rule 4(k)(2) has sometimes been described as 'function[ing] as a sort of federal long-arm statute.'" *Orbital Structures*, 2024 WL 325339, at *4 (quoting *CSB Commodities, Inc. v. Urban Trend (HK) Ltd.*, 626 F. Supp. 2d 837, 844 (N.D. Ill. 2009)). "The provision was added 'to cover persons who do not reside in the United States, and have ample contacts with the nation as a whole, but whose contacts are so scattered among states that none of them would have jurisdiction.'" *Id.* (quoting *ISI Int'l, Inc. v. Borden Ladner Gervais LLP*, 256 F.3d 548, 551 (7th Cir. 2001)). Four conditions must be present for a district court to exercise jurisdiction pursuant to Rule 4(k): "(1) the plaintiff's claims must be based on federal law; (2) no state court could exercise jurisdiction over the defendants; (3) the exercise of jurisdiction must be consistent with the laws of the United States; and (4) the exercise of jurisdiction must be consistent with the Constitution." *C. States, S.E. and S.W. Areas Pension Fund v. Reimer Express World Corp.*, 230 F.3d 934, 940 (7th Cir. 2000).

"A defendant who wants to preclude use of Rule 4(k)(2) has only to name some other state in which the suit could proceed." *ISI Intern.*, 256 F.3d at 552. "Naming a more appropriate state would amount to a consent to personal jurisdiction there." *Id.* In *Orbital Structures*, the court found that the defendant, an Australian company, had "not suggested another state that may have jurisdiction." *Orbital Structures*, 2024 WL 325339, at *5. The court therefore found that the defendant had sufficient

8

contacts with the United States such that exercising jurisdiction under Rule 4(k)(2) was proper. *Id.* at *6.

Unlike the Defendant in *Orbital Structures*, which was an Australian company, SCAN2CAD is a Florida corporation. *See* [1] at ¶ 5; [17-1] at 3; [17-2]. SCAN2CAD has suggested Florida as a state that has jurisdiction, arguing it resides in Florida and its actions in Florida caused Kaiher to stop infringing on its patent. [17-1] at 3. Florida may therefore be able to exercise personal jurisdiction over SCAN2CAD. Despite alleging in the complaint that SCAN2CAD is a Florida corporation, Kaiher now alleges in its response that SCAN2CAD "operates entirely from abroad" and that its "Florida registration is a façade." [22] at 14. As support for this assertion, Kaiher's product manager, Ms. Cassie Chen, states that she communicated with a Mr. Yu of Shenzhen Musk Industrial Co., Ltd., who she "understand[s] to be affiliated with Defendant." [22-5] at ¶ 14. Ms. Chen states that Mr. Yu confirmed that his company, Shenzhen Musk, filed the complaint with Amazon. *Id.* SCAN2CAD's CEO states in his affidavit that SCAN2CAD is incorporated in Florida and that he does not know Ms. Chen or Mr. Yu. [23-1].

Kaiher's complaint and SCAN2CAD's affidavit are in agreement that SCAN2CAD is a Florida corporation. It is an "axiomatic rule that a plaintiff may not amend his complaint in his response brief." *Pirelli Armstrong Tire Corp. Retiree Med. Benefits Tr. v. Walgreen Co.*, 631 F.3d 436, 448 (7th Cir. 2011). Kaiher attempts to do just that and contradict its own complaint to argue that SCAN2CAD is not actually a Florida corporation and is operated from abroad. The record shows that

9

SCAN2CAD is a Florida corporation and that Florida courts may exercise jurisdiction over SCAN2CAD. Whether Mr. Yu and the Shenzhen Musk company should be the proper entity that Kaiher is suing is not relevant to the Court's analysis of whether it may exercise personal jurisdiction over SCAN2CAD.

The Court therefore finds that it cannot exercise personal jurisdiction over SCAN2CAD pursuant to Rule 4(k)(2).

### B. Improper Venue

SCAN2CAD also argues that the complaint should be dismissed for improper venue. 28 U.S.C.A. § 1391 provides that venue is proper in: (1) a judicial district in which any defendant resides; (2) a judicial district in which a substantial part of the events giving rise to the claim occurred; or (3) if there is no district in which the action may otherwise be brought, any judicial district in which any defendant is subject to the court's personal jurisdiction. 28 U.S.C.A. § 1391(b)

As discussed above, SCAN2CAD is not subject to this Court's personal jurisdiction. SCAN2CAD resides in Florida, its conduct of submitting patent enforcement complaints to Amazon occurred in Florida or Washington, and Kaiher likely could have brought this action in Florida or Washington. Venue is therefore improper in the Northern District of Illinois. *See Core Home Fitness*, 2025 WL 405080, at *3.

### IV. Conclusion

For the stated reasons, Defendant SCAN2CAD's Motion to Dismiss [17] for lack of personal jurisdiction and improper venue is granted. Kaiher's complaint is dismissed without prejudice.

E N T E R:

Dated: July 23, 2025

MARY M. ROWLAND
United States District Judge